This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                              NO.   30,772

**JEANNETTE STINNETT**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**David I. Rupp, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Josephine H. Ford, Assistant Public Defender

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Jeannette Stinnett (Defendant) appeals from the judgment and partially suspended sentence, commitment to the penitentiary filed pursuant to a plea of no contest. [RP 214, 238] Defendant raises several issues regarding entry of and sentencing under the plea agreement. This Court filed two calendaring notices [Ct. App. File, CN1, CN2], and Defendant filed two memoranda in response. [Ct. App. File, MIO1, MIO2] Having resolved certain jurisdictional issues discussed in the first calendar notice and having reviewed and duly considered Defendant's memorandum to the second calendar notice, we affirm on all issues raised in the appeal.

## I.    DISCUSSION

Defendant raises the following issues on appeal, contending that (1) she was not sentenced in accordance with the plea agreement and that she was denied due process; (2) the State prosecutors made certain promises to her that they did not keep and unfairly brought up that Defendant had a pending case in another division, as well as asserted evidence against Defendant that was only relevant to the pending case and not this one; (3) Defendant's standby defense counsel did not adequately defend her or give her advice at sentencing; (4) Defendant was sentenced illegally; (5) Defendant presented mitigating circumstances, including her efforts to better herself, that were not considered by the district court judge in sentencing her; and (6) the plea was not knowing and voluntary. [Informal DS] In analyzing the issues, we note that

2

Defendant's memorandum in opposition to this Court's second calendar notice does provide different or conflicting facts or authorities from those we relied upon in the second calendar notice.

**A.     The Plea Agreement**

Defendant executed a no contest plea agreement on April 22, 2010.  [RP 214] Under its terms, Defendant stated that she understood that the range of possible sentences was a minimum of four years and a maximum of twenty-six and a-half years, including the mandatory habitual sentences attributable to Defendant's two prior felonies. [Id.] In addition, at the subsequent hearing, the district court explained the range of possible sentences to Defendant.  [MIO1 3, 5; MIO2 3]  The prosecutor had stated that he did not oppose a twenty-year cap on incarceration, so long as Defendant did not violate the conditions of her release on furlough.  [Id.]  When Defendant indicated that she did not understand the range of sentences, the district court judge explained that the twenty-six and a-half years was the maximum that could be imposed under the supplemental criminal information, but that the State had agreed to cap the maximum sentence at twenty years and that the district court would abide by that cap.  [MIO1 5; MIO2 4-5]  Defendant stated that she understood. [MIO1 5; MIO2 5]

The State indicated that Defendant had incurred drug-related charges while she was out on furlough following the plea pending sentencing. [MIO1 5; MIO2 7] The State told the district court that it considered this to be a violation of the conditions of release, which would allow the district court to impose twenty-six and a-half years rather than the twenty-year cap. [MIO1 5; MIO2 8] The district court explained the situation to Defendant who stated that she understood. [Id.] The district court also went over with Defendant as to whether she was comfortable to admitting her two prior felonies and repeated an explanation of the maximum and minimum sentences. [MIO1 6; MIO2 6] Defendant again stated that she had admitted to the two prior felonies in the plea agreement and that she understood the minimum and maximum sentences. [Id.]

**B.    The Sentencing Hearing**

The State explained that the twenty-year cap was negotiated on the condition that Defendant not violate the plea agreement while on furlough pending sentencing. [MIO1 7, MIO2 3] Defendant had been released pending sentencing in order to gather mitigating evidence, but was arrested at her residence by the Alamagordo Narcotics Enforcement Unit upon information that she was trafficking controlled substances. [MIO1 8; MIO2 7] The State presented information that Defendant had violated the conditions of the plea agreement already, and that Defendant had an extensive and

4

long history of drug use and trafficking. [MIO1 7-8; MIO2 7-8] Defendant presented evidence about her difficult life and her long and continuous turn to drugs, but argued that she no longer wanted to use drugs or sell them. [MIO1 10; MIO2 8-10] Although the State argued that Defendant had already violated the conditions of her plea agreement by being arrested and charged with trafficking while on furlough, the district court sentenced Defendant in accordance with the twenty-year cap because she had not yet been convicted of violating the conditions of the plea agreement. [MIO1 12; MIO2 11] In so doing, the district court judge honored the plea agreement and sentenced Defendant to twenty years. [MIO1 12-13; MIO2 11]

**C.    Discussion of the Issues**

Under the circumstances, we hold that Defendant was sentenced in accordance with the plea agreement. She was therefore not sentenced illegally. Defendant entered into the plea agreement knowingly and voluntarily, and she did so in accordance with due process. (Issues 1, 4, 5, 6) The district court allowed Defendant furlough release in order to give her a chance to gather mitigating information to present at sentencing. The district court judge explained to Defendant the maximum and minimum sentences and answered her questions about them until she stated that she understood. The district court judge also explained the significance of the supplemental criminal information and the consequences to Defendant if she were

convicted of violating the conditions of her furlough release and/or the plea agreement. The district court judge confirmed that Defendant had admitted to two prior felony convictions. Despite the State's efforts to argue that Defendant had already violated both the conditions of her furlough release and the plea agreement when she was arrested and charged with trafficking controlled substances on furlough prior to sentencing, the district court judge appropriately abided by the twenty-year cap in sentencing Defendant because she had not yet been convicted of these violations.

Moreover, we disagree that Defendant's standby defense counsel did not adequately defend her at sentencing. (Issue 3) Standby counsel argued that Defendant was prepared to get treatment for her drug addiction and would likely stop using drugs if released. Standby defense counsel also argued for early probation and argued against the twenty-year prison sentence. The standby defense counsel signed the plea agreement, stating that he had explained its terms and conditions to Defendant. Under the circumstances, Defendant's standby defense counsel represented her in a competent manner. While Defendant was allowed to gather and present extensive information about her history of drug use and her desire to stop using and trafficking drugs (Issue 5), she had an extensive history of drug use and trafficking. She has repeatedly turned to using and selling drugs during the difficult

times in her life and most recently on furlough prior to sentencing in this case. *See State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (observing that [t]o establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different") (internal quotation marks and citation omitted).

Finally, to the extent that Defendant asserts that she and the standby counsel, or she and the prosecutor, had further or other conversations and agreements, these are not matters of record and, therefore, we cannot address them on direct appeal. (Issues 2, 3) *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance."); *see also State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a

preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

## II.    CONCLUSION

We affirm Defendant's plea agreement and the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**